WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Bank of the North, | No. CV-16-08207-PCT-GMS |
| Plaintiff, | **ORDER** |
| v. | |
| Chris Sullivan, et al., | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss with prejudice based on the doctrines of res judicata, collateral estoppel, failure to file compulsory claims pursuant to Rule 13(a), failure to join a required party under Rule 19, finality under Rule 12(b)(6), and the protection afforded to non-parties under Rule 71. (Doc. 37.) Also pending is the Motion for Leave to file a Third Amended Complaint. (Doc. 49.) For the reasons set forth below, the Court denies the motion to dismiss and grants the motion to amend in part.[1]

---

[1] The Court finds that amending the complaint to add Mouilso as a defendant would be futile because ABON's claims against Mouilso are precluded by res judicata. ABON's claims arise from the same nucleus of operative fact as the 2014 lawsuit, in which Mouilso was a named plaintiff and a judgment on the merits was obtained against him. Although ABON now asserts different claims that did not appear in the 2014 lawsuit, the claims still arise from the same nucleus of operative fact as the former litigation. This case involves the same alleged sale of the Property followed by the subsequent filing of a lis pendens. Furthermore, ABON's claims were mature and thus available for pleading at the time of the 2014 lawsuit.

**BACKGROUND**

**I.  Prior Litigation**

Prior to July 22, 2014, Chris Sullivan ("Sullivan"), Michael Mouilso ("Mouilso"), and Michael Morgan Ohgigian ("Ohgigian"), and others pooled their money and offered to purchase approximately 80.6 acres of real property (the "Property") from American Bank of the North ("ABON") for $120,000.00 (the "Mouilso Buyers' Offer").[2] (Doc. 49 at 69–70.)  "Mouilso, et al." was identified as the "buyer" and Sullivan represented the group as legal counsel.  (Doc. 49 at 70.)  ABON did not agree to the terms of the Mouilso Buyers' Offer.  (*Id.*)  Around August 11, 2014, Star Golden Enterprises, LLC ("Star") offered to purchase the Property for $200,000.00.  (*Id.*)  ABON made a counter offer to Star and thereafter accepted Star's offer for $230,000.00 (the "Star Contract").  (*Id.*)

On August 26, 2014, Mouilso filed a complaint, on his own behalf, in the Superior Court of Arizona seeking damages against ABON in excess of $10,000,000.00.  (Doc. 49 at 71.)  Mouilso alleged that he had an enforceable contract with ABON to purchase the Property and ABON breached the agreement by attempting to sell the Property to a third-party (the "2014 lawsuit").  (*Id.*)  Mouilso also recorded a notice of Lis Pendens with the Mohave County Recorder's Office ("Lis Pendens"), which clouded title to the Property. (*Id.*)  Sullivan filed a motion to intervene in the lawsuit, and in a reply brief stated that he was a real party to the action and that his interests were not being adequately represented by Mouilso. (Doc. 45 at 15–16; Doc. 49 at 73.)  The Court ultimately denied Sullivan's motion to intervene because Sullivan failed to timely pay the Clerk's filing fees or respond to ABON's motion to strike the complaint.  (Doc. 49 at 73.)  ABON then filed a motion to dismiss the 2014 lawsuit, which the Court granted on November 17, 2014, finding that the allegations in the complaint were insufficient to demonstrate that any contract existed between ABON and Mouilso to purchase the Property.  (*Id.*)  The Court also found that the claims brought against ABON were "groundless and brought in

---

[2] The Court takes as true the allegations in Plaintiff's Complaint at this stage of the litigation.  *See Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1991).

bad faith" and awarded ABON attorneys' fees. (Doc. 49 at 74.)

## II. Current Case

Star informed ABON in late September of 2014 that it was no longer interested in purchasing the Property because of the 2014 lawsuit and Lis Pendens. (Doc. 49 at 72.) ABON commenced this lawsuit against Sullivan, Ohgigian, and their unknown partners (together, "the Defendants") approximately two years later on August 11, 2016. Defendants removed the case to this Court on September 14, 2016.[3] In its Third Amended Complaint, ABON alleges that Defendants knew of ABON's pending contract with Star to sell the Property and filed the 2014 lawsuit and recorded the Lis Pendens for the specific purpose of interfering with the closing of the Star Contract by the scheduled closing date. (Doc. 49 at 74.) ABON claims that Defendants engaged in intentional interference with contractual relations, civil conspiracy, wrongful lis pendens, and aiding and abetting tortious conduct. (Doc. 49 at 75–79.)

Sullivan filed a motion to dismiss ABON's complaint for failure to state a claim.[4] (Doc. 37.) First, Sullivan argues that ABON'S claims are barred by res judicata because they are compulsory counterclaims that should have been raised in the underlying state action concerning the Property pursuant to Rule 13(a). (Doc. 37 at 1, 4.) Second, Sullivan argues that even though Sullivan was not a party to the underlying state action, ABON is legally prevented from bringing this lawsuit against him pursuant to Rule 71. (Doc. 37 at 1, 8–9.)

**DISCUSSION**

## I. Legal Standards

---

[3] This Court has jurisdiction over this case pursuant 28 U.S.C. § 1332, which provides that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

[4] In their motion to dismiss, the Defendants also briefly alluded to arguments that ABON's current lawsuit is barred by collateral estoppel, and that Mouilso is a required party and should have been joined pursuant to Rule 19. (Doc. 37 at 1.) The Court will not address these arguments because Defendants have failed to argue them in a meaningful way.

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6) a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (1937) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). In deciding a Rule 12(b)(6) motion, a court must accept all factual allegations in the complaint as true, in addition to the reasonable inferences that can be drawn from them. *Id.*

## II. Analysis

In applying the doctrine of res judicata or claim preclusion, federal courts are obligated "to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the state from which the judgments emerged." *See Los Angeles Unified Sch. Dist. v. Los Angeles Branch NAACP*, 714 F.2d 935, 939 (9th Cir. 1983) (quoting 28 U.S.C. § 1738). Accordingly, the law of Arizona will govern whether res judicata applies. A plaintiff's claims are barred by res judicata if they should have been pled as compulsory counterclaims in a previous action, if the previous action was adjudicated on the merits, and if the present claims concern the same parties or their privies. *Rousselle v. Jewett*, 101 Ariz. 510, 512, 421 P.2d 529, 531 (1966); *Mirchandani v. BMO Harris Bank, N.A*., 235 Ariz. 68, 70, 326 P.3d 335, 337 (2014). The party seeking to assert res judicata bears the burden of proving these elements. *State Compensation Fund v. Yellow Cab Co. of Phoenix*, 197 Ariz. 120, 124, 3 P.3d 1040, 1044 (1999).

In rare instances, a non-party may be bound by a final judgment. *See Scottsdale Mem'l Health Sys., Inc. v. Clark*, 157 Ariz. 461, 466, 759 P.2d 607, 612 (1988) (noting

privity as an exception to the general rule against a non-party asserting the defense of res judicata (citations omitted)). This occurs when a non-party can be said to be "in privity" with the party. *Id.* Such a finding is governed by the specific facts of each case. *See San Manuel Copper Corp. v. Redmond*, 8 Ariz. App. 214, 219, 445 P.2d 162, 167 (1968) (citation omitted). The inquiry requires considering the relationship between the non-party and the party and the commonality of their interests, not whether they share the same objective in the outcome of the litigation. *See Hall v. Lalli*, 194 Ariz. 54, 57–58, 977 P.2d 776, 777–780 (1999) (noting privity exists where non-party and party have a "working or functional relationship" and a "substantial identity of interests" (citation omitted)).

Sullivan was not a party to the 2014 lawsuit or in privity with any of the parties to the same, and thus he cannot assert res judicata as a defense against the current action. Mouilso brought his lawsuit on his own behalf, never named Sullivan as a co-Plaintiff, and presumably was alone responsible for the attorneys' fee award entered against him. Sullivan, in fact, sought to intervene in the lawsuit on the basis that Mouilso was not adequately representing Sullivan's interests, but Sullivan was not allowed to intervene. Under such circumstances, Sullivan presents no reason why either he or ABON should benefit by the dismissal of Mouilso's claims against ABON. Thus, Sullivan has not sustained his burden of establishing that any further claims that he might bring, or that might be brought against him arising from the 2014 lawsuit, are precluded by the dismissal of Mouilso's claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 37) is denied.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File a Third Amended Complaint (Doc. 49) is granted in part and denied in part. As directed above the named Defendants shall be Chris Sullivan and Michael Morgan Ohgigian.

/ / /

/ / /

**IT IS FURTHER** ORDERED that Plaintiff shall file and serve the Third Amended Complaint, as stated above, **within fourteen (14) days** of the date of this Order.

Dated this 1st day of August, 2017.

_____
Honorable G. Murray Snow
United States District Judge