**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| American Bank of the North,<br><br>Plaintiff,<br><br>v.<br><br>Michael Mouilso, et al.,<br><br>Defendants. | No. CV-16-08207-PCT-GMS<br><br>**ORDER** |

Pending before the Court is Defendant Michael Morgan Oghigian's Motion to Dismiss or Motion for More Definite Statement. (Doc. 72). For the following reasons, the Court denies the motion.

## BACKGROUND

Plaintiff, American Bank of the North ("ABON"), owns eighty acres of property in Mohave County, Arizona. (Doc. 52, p. 2). Michael Mouilso, Chris Sullivan, and Michael Oghigian[1] pooled their money to make on offer to purchase ABON's land for $120,000. ABON did not sign the contract. ABON received a second offer from Star Golden Enterprises, LLC ("Star") at a price of $200,000. ABON made a counteroffer of $230,000 and Star accepted. The Complaint alleges that Mouilso, Sullivan, and Oghigian learned of the signed contract with Star and conspired to hinder and delay the closing of

---

[1] The Complaint uses the spelling "Ohgigian." However, the Motion to Dismiss by the Defendant uses the spelling "Oghigian." The Court assumes these two spellings to refer to the same individual, and will use the spelling that the Defendant himself provides.

the contract. *Id*. at p. 4. Mouilso, Sullivan, and Oghigian filed a complaint in the Mohave County Superior Court seeking $10,000,000 in damages; they also recorded a notice of Lis Pendens, clouding title to the property. *Id*. ABON and Star's contract was not finalized, because ABON could not deliver good title to the property. ABON filed the present suit, alleging intentional interference with contractual relations, civil conspiracy, wrongful lis pendens, and aiding and abetting intentional tort. *Id*. at pp. 8–12. Defendant Michael Oghigian moves to dismiss the claims or, in the alternative, for a more definite statement.

**DISCUSSION**

**I.　Motion to Dismiss**

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim." *Navarro v. Block*, 25 F.3d 729, 732 (9th Cir. 2001). To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must allege sufficient facts to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (1937) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). In deciding a Rule 12(b0(6) motion, a court must accept all factual allegations in the complaint as true, in addition to all reasonable inferences that can be drawn from them. *Id*.

As a threshold matter, in considering a 12(b)(6) motion, a district court only reviews the material submitted as part of the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990). The Court, therefore, will not consider the affidavits and emails attached to Mr. Oghigian's motion; nor will the Court consider the additional documents attached to the Plaintiff's Response. Mr. Oghigian states that he has "nothing to do with this case other than being the brother

of one of the original defendants" in the state court case. (Doc. 72, p. 1). He asserts that he "did not invest in this particular purchase or commit any money to this purchase" and that he only "acted as a mediator in an attempt to resolve the issues that arose from the original transaction." *Id*. at p. 2. Mr. Oghigian's Motion is based on factual assertions that contradict the facts alleged in Plaintiff's Complaint. But, factual disputes are not resolved in a motion to dismiss. The Court must accept the veracity of the factual allegations in the Complaint on a motion to dismiss. Mr. Oghigian makes no argument that the Complaint does not state a claim; he simply disagrees with the claims made against him. The Court denies the Motion to Dismiss.

## II. Motion for a More Definite Statement

Indefiniteness of the complaint does not constitute grounds for dismissal. *Bowles v. Glick Bros. Lumber Co.*, 146 F.2d 566, 568 (9th Cir. 1945). But, if "a defendant needs additional information to enable him to answer or prepare for trial the procedure provided by the Federal Rules is a motion for a more definite statement." *Id.* Under Federal Rule of Civil Procedure 12(e), if "a complaint is 'so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading,' the defendant may move for an order requiring a more definite statement by pointing out 'the defects complained of and the details desired." *Bautista v. County of L.A.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000). A motion for a more definite statement is "ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Castillo v. Norton*, 219 F.R.D. 155, 163 (D. Ariz. 2003) (quoting *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 414–15 (D. Or. 2002). It is "not to be used to assist in getting facts in preparation for trial as such; other rules relating to discovery, interrogatories and the like exist for such purposes." *Castillo*, 219 F.R.D. at 163 (quoting *Sheffield*, 211 F.R.D. at 415).

Mr. Oghigian moves for a more definite statement, writing: "How did I conspire with anybody? How did I interfere with a contract that the BANK refused to complete? Why would I interfere? What's my motivation?" (Doc. 72, p. 5). The Complaint is not so vague or ambiguous that Mr. Oghigian cannot frame a responsive pleading. The

Complaint is intelligible, and the causes of action are clear. Mr. Oghigian may dispute the facts in the Complaint and the inferences that the Plaintiff is making from the facts. The Court, therefore, denies the motion.

**CONCLUSION**

Mr. Oghigian asserts that he never interfered with a contract and was only involved to act as a mediator between the parties. These arguments, however, are not properly raised in a motion to dismiss. Mr. Oghigian's factual disputes must be developed through discovery and later dispositive motions, not a motion to dismiss.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss or Motion for a More Definite Statement of Defendant Michael Morgan Oghigian (Doc. 72) is **DENIED**.

Dated this 3rd day of May, 2018.

*G. Murray Snow*
Honorable G. Murray Snow
United States District Judge